Justina K. Sessions, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

Jonathan M. Jacobson, New York SBN 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| KIMBERLY NEGRON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  4:21-cv-00801-HSG<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Date:     May 6, 2021<br>Time:     2:00 p.m.<br>Courtroom: 2, 4th Floor |

Defendant Google LLC ("Google") submits this administrative motion to continue the initial Case Management Conference ("CMC") in this matter. The initial CMC is currently scheduled for May 11, 2021, with a joint Case Management Statement due by May 4, 2021. ECF No. 13. A full initial CMC is premature because (1) Plaintiff's counsel has indicated they will be filing additional related complaints soon; (2) Plaintiff's counsel intends to substitute a new named plaintiff for the existing plaintiff, Kimberly Negron; (3) at least 19 other related cases are pending across the country, which may be centralized or otherwise coordinated with this case; and (4) Google has not yet responded to the complaint, but anticipates moving to dismiss it on June 4, 2021. In short, the pleadings and this case's relationship to and coordination with other cases are so unsettled that any preliminary schedule or discovery plan would need to be revisited soon after the May 11 Case Management Conference.

## I. PLAINTIFF'S INTENTION TO FILE ADDITIONAL COMPLAINTS AND SUBSTITUTE A NEW PARTY SUPPORTS CONTINUING THE CMC.

Plaintiff's counsel indicated during the parties' meet and confer discussions that they intend to file additional complaints that make the same claim as in the instant case. *See* Declaration of Justina K. Sessions ("Sessions Decl."), ¶ 4. In addition to these new complaints, Plaintiff's counsel also stated that they will be substituting a new plaintiff in the place of Ms. Negron in this case. *Id.*

It does not make sense to discuss or decide on a case schedule, discovery plan, and other case-management issues before the plaintiffs have even filed all of their related cases, or while the intended parties are not yet before the court. Any case-management decisions would need to be revisited once all the complaints are filed (and likely, consolidated) and once the proper parties are before the court.

## II. GOOGLE EXPECTS TO ASK THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO CENTRALIZE THIS AND MANY OTHER CASES INTO AN MDL.

Even without the forthcoming new complaints from Ms. Negron's counsel, there are currently 20 separate antitrust lawsuits over Google's advertising technology pending around the

country, including 13 new complaints filed last week.[1]  Some 12 of those 13 cases, and almost all of the other cases, include the same exact claim as Ms. Negron's: specifically, a claim that a 2018 agreement between Google and Facebook violates Section 1 of the Sherman Act.  *See* Compl. (ECF No. 1) ¶ 145; *see also, e.g.*, Sessions Decl. Ex. A  (*ECENT Corp. v. Google, LLC* Compl.) ¶ 116 (representative example of the other newspaper complaints); Sessions Decl. Ex. B (*Cliffy Care Landscaping LLC v. Facebook Inc., et al.* Compl.) ¶ 51; Sessions Decl. Ex. C (*Texas v. Google LLC* Am. Compl.) ¶ 342.  Even the cases that do not focus on that agreement still share many of the same allegations regarding the same Google products and services and the same alleged conduct, just packaged into a different antitrust theory.

Google expects to petition the Judicial Panel on Multidistrict Litigation to transfer and centralize these cases in the Northern District of California.  Google may also move to transfer certain of these cases to the Northern District of California under 28 U.S.C. § 1404.[2]  In light of the strong possibility that this case (and the many others) will become part of an MDL or other

---

[1] These cases are *ECENT Corp. v. Google, LLC et al.*, No. 5:21-cv-00251 (S.D. W. Va.); *HD Media Co., LLC v. Google, LLC et al.*, No. 3:21-cv-00077 (S.D. W. Va.); *Clarksburg Publ'g Co, v. Google, LLC et al.*, No. 1:21-cv-00051-IMK (N.D. W. Va.); *AIM Media Indiana Operating, LLC v. Google, LLC et al.*, No. 1:21-cv-00951-JPH-DLP (S.D. Ind.); *AIM Media Midwest Operating, LLC v. Google, LLC et al.*, No. 2:21-cv-01915-MHW-KAJ (S.D. Ohio); *AIM Media Texas Operating, LLC v. Google, LLC et al.*, No. 7:21-cv-00150 (S.D. Tex.); *Texas v. Google, LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex.); *Brown Cty. Publ'g Co., Inc. et al. v. Google, LLC et al.*, No. 1:21-cv-00498_WCG (E.D. Wis.); *Flag Publications, Inc. v. Google, LLC et al.*, No. 1:21−cv−00965−SAG (D. Md.); *Gale Force Media, LLC v. Google, LLC et al.*, No. 2:21-cv-09716-WJM-ESK (D.N.J.); *Associated Newspapers Ltd. et al. v. Google LLC et al.*, No. 1:21-cv-03446 (S.D.N.Y.); *Coastal Point LLC v. Google LLC et al.*, No. 1:21-cv-00554-LPS (D. Del.); *Emmerich Newspapers Inc. et al. v. Google, LLC et al.*, No. 3:21-cv-00274-HTW-LGI (S.D. Miss.); *Journal, Inc., v. Google, LLC et al.*, No. 1:21-cv-00072-GHD-RP (N.D. Miss.); *Eagle Printing Co. v. Google, LLC et al.*, No. 2:21-cv-00518-MPK (W.D. Penn.); *Organic Panaceas, LLC v. Google, LLC et al.*, No. 4:21-cv-02629 (N.D. Cal.); *Cliffy Care Landscaping LLC v. Facebook Inc. et al.*, No. 1:21-cv-00360-KBJ (D.D.C.); and *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-03556-BLF (N.D. Cal.) and *In re Google Digital Publisher Antitrust Litigation*, No. 5:20-cv-08984-BLF (N.D. Cal.).

[2] Google has also moved to transfer the state attorneys general case pending in the Eastern District of Texas (*Texas v. Google, LLC*, No. 4:20-cv-00957-SDJ) to the Northern District of California under § 1404(a).  In the event the court grants the transfer motion, *Negron* may be related to the state AG action, as both cases focus on the 2018 Google-Facebook agreement and bring claims under Section 1 of the Sherman Act, among other things.

1  coordinated proceeding, it would be premature and inefficient to hold an initial CMC in this case
2  on May 11.

### III. GOOGLE HAS NOT YET RESPONDED TO THE COMPLAINT, AND INTENDS TO MOVE TO DISMISS IT.

Although the new complaints counsel for Negron intends to file could alter Google's views, Google currently intends to file a motion to dismiss the *Negron* complaint by the June 4 deadline. In response, Ms. Negron may try to change the putative class or the nature of her claims. The scope of this case going forward (if any)—and thus an appropriate case schedule and discovery plan—will not be settled until after the Court resolves Google's motion. It would be a waste of judicial and party resources to discuss case management issues, case scheduling, and discovery based on the current complaint. For these reasons, courts in this District may elect to continue CMCs until after the resolution of motions to dismiss. *See, e.g.*, *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 3:17-cv-06932-MMC (N.D. Cal. Feb. 28, 2018), ECF No. 39 (continuing CMC "to give [the court] time to resolve the pending motion to dismiss, which may narrow the scope of this case"); *Azad v. Tokio Marine HCC - Med. Ins. Servs. Grp.*, No. 4:17-cv-00618-PJH (N.D. Cal. May 26, 2017), ECF No. 77 (rescheduling the initial CMC until after the court "ruled on the pending Rule 12(b) motions"). Continuing the CMC until after the resolution of Google's motion to dismiss will streamline case management and generate efficiencies for the Court, as well as save time and expense for the parties.

### IV. CONTINUING THE CMC WILL NOT PREJUDICE PLAINTIFFS.

Continuing the CMC until the pleadings, venue, and coordination issues are resolved will not prejudice Ms. Negron or her substitute. Google has taken steps to preserve potentially relevant information, and the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and began the meet and confer process pursuant to Fed. R. Civ. P. 26(f) and the Standing Order for All Judges of the Northern District of California. Sessions Decl. ¶ 7. *See Yiren Huang v. Futurewei Techs., Inc.*, No. 18-CV00534-BLF, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) ("There is minimal concern on evidence preservation as the parties have represented that they have taken steps to preserve relevant information.").

Moreover, continuing the CMC will not significantly delay this case. Google will respond to the existing complaint on the schedule agreed to by the parties and entered by the Court. ECF No. 23. Continuing the initial CMC while procedural and coordination issues are resolved will not, therefore, delay consideration of the merits of this case.

## V.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court continue the May 11, 2021 initial Case Management Conference until at least the hearing date on Google's anticipated motion to dismiss the complaint.

Dated: April 27, 2021

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions, SBN 270914
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

Jonathan M. Jacobson, New York SBN 1350495
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

*Counsel for Defendant Google LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2021, the foregoing document was filed with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Justina K. Sessions*
Justina K. Sessions